Honorable_____

U.S. DEPARMENT OF LABOR
Lawrence Brewster
Acting Regional Solicitor
Rochelle Kleinberg
Associate Regional Solicitor
kleinberg.rochelle@dol.gov
Jeannie Gorman, Trial Attorney
gorman.jeannie@dol.gov
sol-sea@dol.gov
Office of the Solicitor
1111 Third Avenue, Suite 945
Seattle, WA  98101
Telephone: (206) 553-0940
Facsimile: (206) 553-2768
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, ) ) ) | File Number: _____ |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT FOR VIOLATION OF** |
| v. ) | **THE FAIR LABOR STANDARDS ACT** |
| ) | |
| LPC, INC. *doing business as* LPC ENTERPRISE, and GILBERT ALLEN, ) ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff brings this action, pursuant to §17 of the Fair Labor Standards Act of 1938, as

amended (29 U.S.C §201 *et seq*.), hereinafter called the Act, to enjoin Defendants from violating

the provisions of §§15(a)(2) and 15(a)(5) of the Act.  Plaintiff also and separately brings this

action, (1) pursuant to §16(c) of the Act, for the recovery of a Judgment against Defendants for

COMPLAINT - Page 1

unpaid overtime compensation due Defendants' employees and liquidated damages in an amount

equal thereto, or, in the event liquidated damages are not awarded, (2) pursuant to §17 of the Act,

for the recovery of a Judgment restraining Defendants from withholding payment of minimum

wage and overtime compensation due Defendants' employees plus pre-judgment interest

computed thereon.

II

Jurisdiction of this action is conferred upon the Court by §17 of the Act and by 28 U.S.C.

§§1331 and 1345.

III

(a)     Defendant Gilbert Allen is an officer of LPC, Inc. and controls and has done

business as LPC Enterprise, both located at 7123 S. Hilltop Way, Boise, ID 83709, and resides

within the jurisdiction of this Court.  At all times material hereto, Defendant Gilbert Allen has

acted directly or indirectly in the interest of LPC, Inc. and LPC Enterprise in relation to the

employees listed on Exhibit A.

(b)     Defendant LPC, Inc. is an Idaho corporation which is within the jurisdiction of

this court, and at all times material hereto, has acted directly or indirectly in relation to the

employees listed on Exhibit A.


IV

At all times hereinafter mentioned, Defendants have employed and are employing,

employees in and about their aforesaid places of business in receiving, preparing, storing,

handling, and selling goods and materials which have been transported, shipped, or delivered

from points outside the State of Idaho.  Said employees, by reason of their activities as aforesaid,

COMPLAINT - Page 2

were and are engaged in commerce within the meaning of the Act.

V

At all times hereinafter mentioned, Defendants employ and are employing, employees in and about their aforesaid places of business in handling, preparing or selling goods or materials which have been transported, shipped or delivered to places within the State of Idaho from places outside thereof and were produced for commerce.

VI

At all times hereinafter mentioned, the activities of Defendants (referred to in paragraph III, IV and V above) were and are related and performed through unified operation or common control for a common business purpose, and constitute an enterprise within the meaning of §3(r)(1) of the Act.

VII

At all times hereinafter mentioned, Defendants were engaged in the operation of an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of sales taxes at the retail level stated separately) and as such constitute an enterprise engaged in commerce or the production of goods for commerce within the meaning of §3(s)(A)(ii) of the Act.

VIII

Defendants have willfully violated and are violating the provisions of §§7 and 15(a)(2) of the Act by employing their employees engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce,

COMPLAINT - Page 3

for workweeks longer than forty (40) hours without compensating said employees for all their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

IX

Defendants willfully violated the provisions of §§11(c) and 15(a)(5) of the Act by failing to maintain, keep, make available (to authorized agents of Plaintiff for inspection, transcription, and/or copying), and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by Plaintiff pursuant to the authority granted in the Act and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516.

X

Defendants willfully violated the monetary provisions of the Act as alleged in paragraph VIII, and, as a result, Defendants are liable for unpaid overtime compensation, unpaid minimum wage compensation, and an equal amount in liquidated damages under §16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1)     For an Order pursuant to §17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from prospectively violating the provisions of §§15(a)(2) and 15(a)(5) of the Act; and

(2)     For an Order

COMPLAINT - Page 4

(a)     Pursuant to §16(c) of the Act, awarding Plaintiff money damages to cover overtime compensation found by the Court to be due to the present and former employees of Defendants named in Exhibit A attached hereto (and for any person added thereto at a later date) and an equal amount as liquidated damages; or, in the event liquidated damages are not awarded;

(b)     Pursuant to §17 of the Act, for the recovery of a Judgment restraining Defendants from withholding payment of overtime compensation due Defendants' employees, plus pre-judgment interest computed thereon.

(3)     Awarding Plaintiff her costs of action;

(4)     Granting Plaintiff such other and further relief as may be necessary and appropriate.

DATED this 22nd day of December, 2005.

Howard M. Radzely
Solicitor of Labor

Lawrence Brewster
Acting Regional Solicitor

Rochelle Kleinberg
Associate Regional Solicitor

Jeannie Gorman
Trial Attorney

U.S. DEPARTMENT OF LABOR
Counsel for Plaintiff

**COMPLAINT** - Page 5